811 F.2d 606
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
INTERNATIONAL UNION, ALLIED WORKERS OF AMERICA, AFL-CIO and
LOCAL UNION NO. 193, International Union, Allied
Industrial Workers of America, AFL-CIO,
Plaintiff-Appellee,
v.
DOSIMETER CORPORATION OF AMERICA, Defendant-Appellant,
 No. 85-3983.
 United States Court of Appeals, Sixth Circuit.
 Dec. 23, 1986.
 
 Before GUY, Circuit Judge, PECK, Senior Circuit Judge, and EDGAR, District Judge.*
 GUY, Circuit Judge.
 
 
 1
 This appeal arises from the granting of an "application to compel arbitration" filed by the International Union, Allied Industrial Workers of America, AFL-CIO (Union). The Union sought an order compelling Dosimeter Corporation of America (Dosimeter) to arbitrate three grievances which arose pursuant to the 1984-87 Collective Bargaining Agreement (CBA) that existed between the Union and Dosimeter.
 
 
 2
 Dosimeter argues on appeal that the district court erred in submitting the question of the "substantive arbitrability" of the grievance to the arbitrator. This argument is predicated on a clause in the CBA which Dosimeter contends excludes these grievances from the grievance/arbitration process.
 
 
 3
 Our conclusion is that the grievances in question were not excluded by the contract and we affirm the district court's order compelling arbitration, although for reasons somewhat different than those relied on by the district court. The factual background of this case is neither complicated nor disputed. Between October 4, 1984 and November 12, 1984, the Union filed three grievances claiming that "union work" in the Packing Department was being performed by non-bargaining unit employees in violation of the CBA. The grievance procedure provided in the CBA calls for a three-step grievance procedure prior to arbitration. Dosimeter denied the grievances at each of the first three steps. The Union demanded arbitration and on December 10, 1984, Dosimeter informed the Union in writing that it refused to arbitrate the three grievances. Dosimeter's refusal to arbitrate was premised upon a specific provision of the CBA which is at the core of this dispute.
 
 
 4
 Section 5.2. of Article V of the CBA provides in pertinent part: "No grievances will be considered under the Grievance Procedure with respect to any occurrence, incident, or condition which arose prior to the effective date of this Agreement." In relying on this provision to deny the grievances and resist arbitration, Dosimeter contends that periodically non-bargaining employees had helped out in the Packing Department prior to the effective date of the CBA. Thus, argues Dosimeter--this is a "condition which arose prior to the effective date" of the CBA.
 
 
 5
 It is undisputed that historically non-bargaining unit employees have helped out on an occasional basis in the Packing Department. It is also undisputed that the three grievances in question related to incidents which occurred during the life of the current CBA. As one might expect, the parties disagree as to the interpretation of Sec. 5.2. under these circumstances. Dosimeter argues that the issue of arbitrability is a question for the court to decide and not the arbitrator. United Steelworkers v. Warrior and Gulf Navigation Co., 363 U.S. 574 (1960). Although the Union quibbles a little, it does not appear to seriously dispute this principle of law. Rather, the Union argues that this simply is not a situation where the arbitrator is being asked to determine the arbitrability of the grievances but to resolve them. We conclude that the Union has the better of this argument.
 
 
 6
 Our starting as well as our ending point in the analysis of this dispute is the now familiar command of Warrior Gulf that: "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." Id. at 582-583.
 
 
 7
 There is no question in this case but that, in general, the matter of bargaining unit work being performed by non-bargaining unit employees is subject to the grievance process. There is also no question but that the three discrete instances that form the basis of the grievances at issue occurred after, not before, the effective date of the current CBA. This is not a situation where the Union is generally grieving a practice of management, but rather these grievances involve three specific individual bargaining unit employees who feel aggrieved as a result of specific occurrences that happened during the life of the present CBA.[1]
 
 
 8
 The fact that management can point to a history of such occurrences is a matter for consideration by the arbitrator. It may be that management has some defense based on industry practice, waiver, estoppel or some other related theory. However, these are not questions for this court.[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable R. Allan Edgar, United States District Court, Eastern District of Tennessee, sitting by designation
 
 
 [1]
 One of the grievances concerns loss of overtime and two concern non-bargaining unit employees working in the Packing Department while bargaining unit employees are on layoff
 
 
 [2]
 Since we decide this issue on grounds different than the district court, we pass no judgment on the district court's conclusion that "it is up to the arbitrator to decide whether that activity is an occurrence, incident of condition which arose prior to the effective date of the agreement." (App. 208). If the district court meant by this language, however, to order the parties to arbitrate the arbitrability question, then it was clearly in error. AT & T Technologies v. Communication Workers of America, 54 U.S.L.W. 4339 (U.S. Apr. 7, 1986) (No. 84-1913)